SALTER, J.
 

 Tahiti Beach Homeowners Association, Inc., appeals a partial final summary judgment in favor of Mr. and Mrs. Pfeffer regarding the Association’s complaint to foreclose a lien for a $285,000 fine. The fine, imposed for the alleged violation of a “Homesite Construction Rule,”
 
 [1]
 
 did not
 
 *809
 
 meet the requirements of section 720.305(2), Florida Statutes (2007), regulating the imposition of fines by homeowners’ associations.
 

 The issue for decision below and here is a question of law: does the statute, enacted in 1995, apply to the Homesite Construction Rule, adopted by the Association in 1993 or 1994, with respect to alleged violations of the Rule occurring 2007-09? We answer the question in the affirmative.
 

 The caption to section 720.305 is “Obligations of members; remedies at law or in equity; levy of fines and suspension of use rights.” The limitations on fines, and the requirements for prior notice and a hearing, imposed by the statute are unquestionably procedural and remedial in nature. In
 
 Fogg v. Southeast Bank, N.A.,
 
 473 So.2d 1352, 1353 (Fla. 4th DCA 1985), the Fourth District observed that “statutes relating to remedies or procedure and including forfeitures operate retrospectively in the sense that all pending proceedings, including matters on appeal, are determined under the law in effect at the time of decision rather than that in effect when the cause of action arose or some earlier time.” This Court followed
 
 Fogg
 
 in
 
 Riano v. Burchfield,
 
 512 So.2d 1121 (Fla. 3d DCA 1987), holding that a legislative amendment eliminating a penalty (and lacking a provision expressly limiting the application of the amendment to contracts entered into after the effective date) is applicable to contracts entered into before the effective date of the amendment. In the case of such amendments — but not in the case of amendments affecting or impairing substantive rights — retrospective application is required unless the legislation itself provides otherwise. Here, the pertinent amendments to section 720.305 did not specify that they would only be applicable to homeowners’ association documents entered into after the effective date of the legislation.
 

 These conclusions of law take the case out of the constitutional analysis advanced by the Association. Because penal, remedial, and procedural issues were addressed in the legislation (rather than vested, substantive rights), this record presents no constitutional issue. Nor do we find any merit in the Association’s challenge to the trial court’s ruling that “the Association, as a defense to the counterclaim, never raised the defense of waiver.” A review of the pleadings confirms that the trial court was correct on this point as well.
 

 Affirmed.
 

 [1]
 

 . The Rule requires a property owner’s construction or landscaping activities to be completed within a 24 month period, "time being of the essence,” or face a "penalty” of $10,000 per month (or any part thereof) from
 
 *809
 
 the end of that period until the work is completed.